J-S12005-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
                                   :          PENNSYLVANIA
                                   :
           v.                          :
                                   :
                                   :
KIARALI RODRIGUEZ-AYALA        :
                                   :
           Appellant            :    No. 2265 EDA 2024

Appeal from the Judgment of Sentence Entered July 29, 2024
In the Court of Common Pleas of Philadelphia County
Criminal Division at No: CP-51-CR-0005880-2023

BEFORE:  STABILE, J., McLAUGHLIN, J., and BENDER, P.J.E.

MEMORANDUM BY STABILE, J.:              **FILED MAY 20, 2025**

Appellant, Kiarali Rodriguez-Ayala, pleaded guilty in 2024 to third-degree murder and endangering the welfare of a child (EWOC).  The Court of Common Pleas of Philadelphia County (trial court) sentenced Appellant to a prison term within the statutory guidelines range – 15 to 40 years as to the murder count, with no further penalty as to the remaining count.[1]  In this appeal, Appellant contends that the trial court abused its discretion at sentencing by failing to consider mitigating evidence and imposing an unreasonable and excessive sentence.  We affirm.

The undisputed facts of this tragic and gruesome case have been summarized by the trial court as follows:

---

[1] In a related case involving a second victim, docketed at CP-51-CR-0005881-2023, Appellant also pleaded guilty to one count of aggravated assault and one count of EWOC.  No appeal was taken in that case.

On the night of February 16, 2023, [Appellant] was supposed to be babysitting [the decedent] A.L., the three-year-old child of her friend, Miriam Melendez ("Melendez"), while she was looking after her two biological children, two-year-old K.G. and four-year-old E.G. Instead of caring for [A.L.], [Appellant] beat, burned, sexually assaulted, and, finally, killed her by smothering her.

An autopsy of [the decedent, A.L.] was performed, in which the Medical Examiner found multiple abrasions on the child's face consistent with fingernail marks, bruising of the inside of the lips consistent with a smothering incident, as well as multiple bruises on the skin and internal bruising to the scalp. A sexual assault examination revealed bruising and lacerations of the decedent's labia majora and minora and bruising of the inner thighs. The decedent suffered abrasions, contusions, and burns on the torso and extremities, as well as hemorrhaging on the right side of the abdomen and elbows. The cause of death was ruled a non-accidental trauma, including asphyxia, blunt trauma, and thermal injury, and the manner of death was ruled a homicide. [Appellant's] son, four-year-old E.G., witnessed [Appellant] burning and hitting [A.L.], then putting her in the bathtub to "make the booboo better." N.T. 3/13/2024 at 17-18.

In a post-*Miranda* statement, [Appellant] confirmed to police that she had exclusive custody of [A.L.] when [she] was killed and admitted to burning her with a lighter.

Trial Court 1925(a) Opinion, 9/17/2024, at 2-3 (some internal citations omitted).

Appellant pleaded guilty to third-degree murder and EWOC. She expressed remorse for her actions and apologized to the decedent's family. *See* Sentencing Hearing, 7/10/2024, at 54-55. A pre-sentence investigation report (PSI) and a mental health evaluation (MHE) were supplied to the trial court on Appellant's behalf. These reports detailed Appellant's own extensive history of being physically and sexually abused, her struggles with controlled substance use, and her declining mental health at the time of the incident.

When announcing the sentence, the trial court expressly referenced those materials and voiced sympathy for Appellant's past struggles. *See* N.T. Sentencing Hearing, 7/29/2024, at 5-15. The trial court even stated that Appellant would have received the maximum sentence possible (25 to 50 years) were it not for that mitigating evidence. *See* N.T. Sentencing Hearing, 7/10/2024, at 55.

Appellant timely appealed, and in her brief, she raises a single issue: whether the trial court abused its discretion by sentencing her to a prison term of 15 to 40 years

> when substantial mitigating circumstances existed, including, Appellant's age, acceptance of responsibility, her remorsefulness, horrific history of sexual trafficking, sexual abuse, sexual victimization, mental health history, drug and alcohol abuse history, absence of adult convictions, positive prison adjustment and good conduct, and the rehabilitative needs at the time of sentencing[.]

Appellant's Brief, at 8.[2]

The issue raised here is one which implicates the discretionary aspects of a sentence. An appellant "is not entitled to the review of challenges to the discretionary aspects of a sentence as of right." *Commonwealth v. Samuel*, 102 A.3d 1001, 1006 (Pa. Super. 2014). Rather, the party challenging a discretionary aspect of a sentence must invoke this Court's authority to review the claim by satisfying a four-part test. *See Commonwealth v. Moury*, 992 A.2d 162, 170 (Pa. Super. 2010). It is necessary to (1) timely file a notice of

---

[2] Both Appellant and the trial court complied with Pa.R.A.P. 1925.

appeal, (2) preserve the issue at sentencing, (3) submit a brief that comports with Pa.R.A.P. 2119(f), and (4) establish that there is a "substantial question that the sentence appealed from is not appropriate under the Sentencing Code." *Id*.

A substantial question is posed where a colorable argument has been advanced that the "sentence imposed is either inconsistent with a specific provision of the Sentencing Code or is contrary to the fundamental norms which underlie the sentencing process." *Commonwealth v. Mastromarino*, 2 A.3d 581, 585-86 (Pa. Super. 2010). Such a determination "must be evaluated on a case-by-case basis." *Commonwealth v. Bynum-Hamilton*, 135 A.3d 179, 184 (Pa. Super. 2016).

Appellant satisfied the above test by preserving her sentencing claim in a timely post-sentence motion, and a timely notice of appeal. She also filed a brief that comports with the requirements of the procedural rules, including a section that provides a concise statement of the reasons why appellate review of her claim is proper, pursuant to Pa.R.A.P. 2119(f). *See* Appellant's Brief, at 13-17. Finally, Appellant established that she has raised a substantial question as to the propriety of her sentence under the Sentencing Code. *See Commonwealth v. Dodge*, 77 A.3d 1263, 1272-73 (Pa. Super. 2013) (recognizing that a claim of an excessive sentence, coupled with a claim that mitigating evidence was not adequately considered by the trial court, may raise a substantial question for appellate review).

We now consider the substantive merits of Appellant's sentencing claim. At a sentencing hearing, the trial court "shall follow the general principle that the sentence imposed should call for confinement that is consistent with the protection of the public, the gravity of the offense . . . and the rehabilitative needs of the defendant."  42 Pa.C.S.A. § 9721(b).  Sentencing is a matter vested in the sound discretion of the trial court and will not be disturbed absent a manifest abuse of discretion. *Commonwealth v. Akhmedov*, 216 A.3d 307, 328 (Pa. Super. 2019) (citing *Commonwealth v. Gonzalez*, 109 A.3d 711, 731 (Pa. Super. 2015)).

An abuse of discretion is not merely an error in judgment, rather a defendant must establish that the sentencing court misapplied the law or exercised its judgment for reasons of partiality, prejudice, bias, or ill will, or arrived at a manifestly unreasonable decision. *Commonwealth v. Nevels*, 203 A.3d 229, 247 (Pa. Super. 2019) (citing *Commonwealth v. Cook*, 941 A.2d 7, 11-12 (Pa. Super. 2007)).

In the present case, the trial court acted within its discretion, as Appellant's mitigating evidence was fully considered.  The sentence imposed was within the standard guidelines range, and it was not unreasonable or excessive in light of the circumstances of Appellant's offenses.

"[W]hen a court possesses a pre-sentence report, it is presumed the court 'was aware of and weighed all relevant information contained in the report along with any mitigating sentencing factors.'" *Commonwealth v. Velez*, 273 A.3d 6, 10 (Pa. Super. 2022) (quoting *Commonwealth v. Marts*,

889 A.2d 608, 615 (Pa. Super. 2005)). The balancing of mitigating and aggravating factors "is [within] the sole province of the sentencing court," **Commonwealth v. Lawrence**, 313 A.3d 265, 286 (Pa. Super. 2024), and this Court "cannot reweigh sentencing factors and impose judgment in place of the sentencing court where the lower court was fully aware of all mitigating factors." **Id.** (citing **Commonwealth v. Kurtz**, 294 A.3d 509, 536 (Pa. Super. 2023)).

In fashioning an individualized sentence, courts are directed to consider "the protection of the public, the gravity of the offense as it relates to the impact on the life of the victim and on the community, and the rehabilitative needs of the defendant." 42 Pa.C.S.A. § 9721(b). Weighing these factors is within the province of the sentencing court, and an appellate court cannot substitute its own judgment in weighing those factors. **See Commonwealth v. Walls**, 926 A.2d 957, 966 (Pa. 2007).

It is unnecessary for the trial court to "parrot the words of the Sentencing Code" when balancing the factors of 42 Pa.C.S.A. 9721(b). **Commonwealth v. Coulverson**, 34 A.3d 135, 145 (Pa. Super. 2011) (quoting **Commonwealth v. Feucht**, 955 A.2d 377, 383 (Pa. Super. 2008)). "[A]lthough a court is required to explain its reasons for imposing sentence, it need not specifically cite or include the language of the sentencing code, it must only demonstrate that the court had considered the factors specified in the code." **Commonwealth v. Fish**, 752 A.2d 921, 924 (Pa. Super. 2000) (internal citations and quotations omitted).

"The sentencing judge can satisfy the requirement that reasons for imposing sentence be placed on the record by indicating that he or she has been informed by the [PSI]; thus properly considering and weighing all relevant factors." *Commonwealth v. Miller*, 275 A.3d 530, 535 (Pa. Super. 2022) (quoting *Commonwealth v. Ventura*, 975 A.2d 1128, 1135 (Pa. Super. 2009)).

The trial court in this case had the benefit of Appellant's PSI and MHE. *See* N.T. Sentencing Hearing, 7/10/2024, at 4. The trial court is therefore presumed to have considered all relevant mitigation evidence. *See Commonwealth v. Pollard*, 832 A.2d 517, 526 (Pa. Super. 2003). Appellant has been unable to cite anything in the record which rebuts that presumption. To the contrary, she only reiterates the content of her PSI and MHR that were entered into evidence at sentencing. *See* Appellant's Brief, at 13–14. In substance, then, Appellant's argument is not that the trial court failed to consider her evidence of mitigating factors, "but rather that the court weighed those factors in a manner inconsistent with [her] wishes." *Commonwealth v. Raven*, 97 A.3d 1244, 1255 (Pa. Super. 2014).

Further, the trial court explicitly stated that it had fully considered Appellant's evidence of mitigating factors, explaining that it had compelled the trial court to impose a prison term below the maximum possible sentence. *See* N.T. Sentencing Hearing, 7/10/2024, at 55–57. Indeed, the trial court made it clear that "without mitigation . . . [the] sentence would have been 25 to 50 years," as the maximum sentence "would have given" without

"hesitancy." N.T. Sentencing Hearing, 7/10/2024, at 55. In further acknowledgment of Appellant's background, the trial court recommended that she receive mental health treatment while serving her sentence. ***See id***., at 56.

Later, at the hearing on Appellant's motion for reconsideration, the trial court again elaborated on its consideration of her mitigation evidence. ***See*** Sentencing Hearing, 7/29/2024, at 14-15. The trial court noted Appellant's "horrific background," but weighed it against the torture and death of the child victim. ***Id***. On these facts, the record and applicable law do not support Appellant's contention that the trial court failed to take into account her mitigating evidence, or that her sentence is manifestly excessive. Thus, because the trial court did not abuse its discretion, Appellant's claim has no merit, and the order on review must be upheld.

Judgment of sentence affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 5/20/2025